IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MELISSA JO WALSH,
    Plaintiff,

vs.                                          Case No.: 5:19cv60/MCR/EMT

ANDREW M. SAUL,
Commissioner of Social Security,
    Defendant.
_____/

# REPORT AND RECOMMENDATION

This matter is before the court on "Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d)" (ECF No. 20) and the Commissioner's response thereto (ECF No. 21). Plaintiff seeks an award of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412,[1] in the total amount of $8,282.50, based on 40.30 hours of attorney time and $12.00 in paralegal time expended on Plaintiff's behalf in connection with her social security appeal (ECF No. 20). The Commissioner does not oppose an award of fees, but he objects to Plaintiff's request, arguing the number of hours for which Plaintiff seeks to recover fees is unreasonable (ECF No. 21).

---

[1] Plaintiff cited the wrong statute (i.e., 28 U.S.C. § 2312) in the title and first paragraph of her petition.

The EAJA allows for the award of attorney fees and certain costs against the government provided: 1) the party seeking the fees and/or costs is the "prevailing party" in a civil action brought by or against the United States and that party's net worth is less than two million dollars; 2) an application for fees and/or costs, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government was not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes a fee award. 28 U.S.C. § 2412(d)(l)(A), (B).

"The purpose of section 2412(d) is to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988) (emphasis in original). "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Ideally, of course, litigants will settle the amount of a fee. Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* "The applicant should exercise 'billing judgment' with respect to hours worked and should maintain

billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* (internal citation omitted).

- Eligibility for Award of Fees

In this case, the Commissioner does not dispute Plaintiff's eligibility for fees. Indeed, in *Shalala v. Schaefer*, 509 U.S. 292 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the prevailing party and, as such, entitled to attorney fees and expenses under the EAJA. Plaintiff obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) (ECF Nos. 17–19); Plaintiff thus indisputably was the prevailing party. Accordingly, an award of fees is appropriate.

- Amount of Fees

Pursuant to 28 U.S.C. § 2412(d)(2)(A), fees awarded under the EAJA must be based on prevailing market rates for the kind and quality of the services provided "except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* Here, Plaintiff seeks an award based on an hourly rate of

Page **4** of **9**

$205.00, citing increases in the Consumer Price Index (*see* ECF Nos. 20). The Commissioner did not object to the requested hourly rate, and the court finds it reasonable. That rate thus will be awarded. *See, e.g.*, *Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 891 (11th Cir. 2007) (unpublished) (finding proper an EAJA award based on an hourly rate of $147 for work done in 2005 and 2006 and noting "that 'a court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'") (*citing Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)); *Perdue v. Colvin*, No. 1:12cv229/GRJ, 2014 WL 345696, at *1 (N.D. Fla. Jan. 30, 2014) (awarding compensation under the EAJA at hourly rates of $184.32 and $186.55 for work performed by counsel in 2012 and 2013, respectively, and noting, "While applying cost-of-living adjustments to petitions for EAJA fees is in the discretion of the Court, the Eleventh Circuit has instructed that this application is 'next to automatic.'") (*quoting Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992)); *see also, e.g.*, *Greene v. Colvin*, No. 5:12cv242/MMP/EMT, 2014 WL 518932, at *1–2 (N.D. Fla. Feb. 10, 2014) (awarding compensation under the EAJA at hourly rates of $184.38 and $186.63 for

work performed by counsel in 2012 and 2013, respectively); *Godwin v. Barnhart*, No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the CPI, for work performed in 2004 and 2005); *Facine v. Barnhart*, No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed from 2001 through 2004).

As indicated above, however, the Commissioner objects to the number of hours for which Plaintiff seeks to recover fees. Plaintiff's counsel's billing records reflect that counsel spent 40.3 hours on the case, 33.7 hours of which he spent preparing the initial memorandum. The Commissioner argues the amount of time expended on the memorandum was excessive, citing the fact that the administrative record in the case consists of only 467 pages (approximately 209 pages of which are medical records) and the issues were "routine" (ECF No. 21 at 5). The Commissioner also argues Plaintiff raised a frivolous issue in the memorandum, which "is a cut and paste argument her counsel uses in all briefs with a similar decision period" (*id.*). The Commissioner contends "Counsel's experience and the routine nature of the issues should translate into efficient brief writing" (*id.* at 7), particularly considering "a large portion of the brief is a recycled, frivolous, cut and

paste . . . argument" (*id.* at 9). The Commissioner urges the court to reduce the number of hours for which fees may be recovered by 15.7, allowing Plaintiff to recover for no more than 18.0 hours spent on the memorandum.

The undersigned agrees that 33.7 hours for preparation of the memorandum in this case is excessive and that the number of hours for which Plaintiff can recover fees should be reduced accordingly. As this court has recognized, "[t]he usual time spent handling these cases, beginning to end, is twenty-five to thirty hours." *Jackson v. Astrue*, No. 3:09CV218/MCR/MD, 2010 WL 2330269, at *2 (N.D. Fla. May 11, 2010), *report and recommendation adopted*, No. 3:09CV218/MCR/MD, 2010 WL 2330246 (N.D. Fla. June 10, 2010); *see also Rollins v. Berryhill*, No. 1:17CV120-MW/CAS, 2018 WL 3237686, at *1 (N.D. Fla. June 1, 2018), *report and recommendation adopted*, No. 1:17CV120/MW/CAS, 2018 WL 3232783 (N.D. Fla. July 2, 2018) ("In this district, Social Security cases involving review of a Commissioner's decision to deny benefits typically require 25 to 30 hours to complete."). Of course, there are more complicated cases with challenging issues and/or voluminous records which require a greater expenditure of time, but this case is not one of them. *See Bethea v. Berryhill*, No. 4:16CV335-WS/CAS, 2017 WL 2633393, at *1 (N.D. Fla. June 19, 2017). As in *Jackson*, there appears to be nothing

unusual about this case that would require work beyond that required for the typical social security appeal. "A more reasonable time spent in brief writing in cases of this nature is twenty hours." *Jackson*, 2010 WL 2330269, at *2. The undersigned thus finds that 26.6 hours of attorney time is reasonable in this case, allowing twenty hours for the preparation of the memorandum, and that a fee award in the total amount of $5,465.00 is appropriate.[2]

- <u>Whether the Award is Payable to Plaintiff Plaintiff's Counsel</u>

The remaining question concerns to whom the EAJA award is payable. In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the prevailing litigant," the government could offset a claimant's qualifying debt (to the United States) against that award. *Ratliff*, 560 U.S. at 596. The award in this case is therefore properly payable to Plaintiff, as the "prevailing litigant," assuming an

---

[2] That amount includes the $12.00 requested for paralegal time, to which the Commissioner did not object.

Case No. 5:19cv60/MCR/EMT

award remains after any qualifying debts have been satisfied, even though Plaintiff appears to have assigned her interest in any EAJA award to her counsel (*see* ECF No. 20-1).  The court will, however, recommend that any award be mailed to her counsel's office, so that counsel and Plaintiff may mutually implement their fee agreement without this court's involvement.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's "Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) (ECF No. 20)" be **GRANTED in part,** as follows:

1. Plaintiff is to recover fees in the amount of $5,465.00 for time expended by her counsel in representing her before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 ("EAJA").  The fee award is subject to an offset to satisfy any qualifying outstanding debt Plaintiff may owe to the United States.

2. Any fees awarded should be mailed to Plaintiff's counsel, Douglas D. Mohney, P.O. Box 101110, Cape Coral, FL 33910.

At Pensacola, Florida this 15th day of June 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY
CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No. 5:19cv60/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 5:19cv60/MCR/EMT